# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORNELL BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>ON HABEAS CORPUS,<br><br>    Respondent. | 1:08-cv-00880-TAG HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION FORM FOR FILING CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983 |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 23, 2008, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

    Petitioner contends that his constitutional rights to due process and a fair hearing were denied as a result of a prison disciplinary proceeding that resulted in a finding that Petitioner was guilty of the Rules Violation Report allegation involving an assault on correctional officers and Petitioner's subsequent placement in the prison's Secure Housing Unit ("SHU") for a term of forty-eight months, but which did not result in the loss of any credits that would have affected the length of Petitioner's sentence.  (Doc. 1, p. 195; p. 266).

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule

1

4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent violated his constitutional rights to due process and a fair hearing by the manner in which the prison disciplinary hearing process was conducted. As mentioned, as a result of that process, Petitioner was assigned to the SHU for a term of forty-eight months but was not assessed any loss of credits toward his release. Petitioner does not challenge either the underlying conviction or his sentence. Moreover, the process Petitioner has challenged, i.e., the prison disciplinary process, did not result in the loss of any credits by Petitioner. Rather, Petitioner challenges only his SHU placement.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Hence, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. That the petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and

///

///

///

2. That the Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated: **October 8, 2008**              /s/ Theresa A. Goldner
                                  UNITED STATES MAGISTRATE JUDGE